IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES ex rel., KARLA ABEA,

    Relator,

v.

DEBBIE ODIYE, GODWIN ODIYE AND DOES 1 THROUGH 50, INCLUSIVE,

    Defendants.

No. C 18-06296 WHA

**ORDER DENYING MOTION TO DISMISS FIRST AMENDED COMPLAINT**

## INTRODUCTION

In this claim for relief, the relator tenant in Section 8 housing alleges that defendant landlords have violated the Federal False Claims Act and state and local laws, and defendant landlords move to dismiss the action. For the following reasons, defendants' motion to dismiss is **DENIED**.

## STATEMENT

Relator rents a San Francisco residential unit from landlord. Relator's tenancy was subsidized through the Section 8 Housing Choice Voucher Program. The Section 8 program is administered by state or local government entities, specifically here by the San Francisco Housing Authority, which receives funding from the United States Department of Housing

1  and Urban Development, and uses that funding to provide Section 8 subsidies.  Under a

2  Housing Assistance Payment contract between the public housing authority and a landlord,

3  a housing subsidy is paid directly to the landlord on behalf of the participating family, based

4  on the public housing authority's calculation of "reasonable rent."  The family then pays the

5  difference between the actual rent charged by the landlord and the government subsidy.

6  24 C.F.R. § 982.1(a).

7      Tenant and her children live in the "upper unit."  Tenant alleges that for eight years

8  landlord defrauded San Francisco Housing Authority  From the outset in 2010, tenant was

9  forced to pay monthly utility bills for the entire building, not just her unit, and was then forced

10  to seek reimbursement from her downstairs neighbor for utilities used within that illegal unit.

11  This allegedly violated the landlord's contract with SFHA.

12      The landlord insists that a handwritten note on the lease — stating that tenant will pay

13  all utilities — disproves the premise of this case.  Tenant replies that, over the years, both

14  tenant and San Francisco Housing Authority repeatedly told landlord to pay the utilities for

15  tenant's unit.  In 2018, after years of alleged noncompliance, San Francisco Housing Authority

16  withheld a few housing assistance payments until landlord changed the legal responsibility for

17  the utilities accounts from tenant to themselves (First Amd. Compl. ¶¶ 22–23).

18      Tenant also alleges that in 2015 landlord rescinded financially valuable amenities given

19  in the 2010 lease: namely, a parking space and the exclusive use of a yard connected to the

20  building.  Tenant alleges that landlord's subsidy was conditioned upon the initial assessment of

21  the "reasonableness of the rent" in 2010, including the value of the parking space and

22  exclusive use of a yard connected to the building, and that therefore landlord's post-2015

23  receipt of the full subsidy which included payment tied to the rescinded parking space and

24  exclusive use of the yard equated to false claims submitted to the federal government.

25      The complaint asserts eleven other state-law claims.

26      Defendants move to dismiss Counts One, Two, Five and Twelve of relator's First

27  Amended Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief

28  can be granted.

**ANALYSIS**

A private person may bring an action under the False Claims Act as a qui tam relator on behalf of the United States and, if the United States declines to intervene, may receive no less than twenty-five percent and no more than thirty percent of any recovery, plus reasonable costs and attorneys' fees. 31 U.S.C. § 3730(b), (d)(2); *see, e.g., Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 995 (9th Cir. 2010). Here, the United States has declined to intervene but filed a notice of appearance, reserving its right to intervene, for good cause, at a later date (Dkt. No. 23).

Relator tenant's first claim seeks relief under the False Claims Act which imposes liability on any person who knowingly submits a false claim to the United States government. 31 U.S.C. § 3729(a). Courts have recognized two theories of liability under the False Claims Act relevant to this case. *First*, the implied certification theory provides that "liability can attach when the defendant submits a claim for payment that makes specific representations about the goods or services provided, but knowingly fails to disclose the defendant's noncompliance with a statutory, regulatory, or contractual requirement." *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 1995 (2016). *Second*, liability can arise based on the promissory fraud theory. That theory provides that "liability will attach to each claim submitted to the government under a contract, when the contract or extension of government benefit was originally obtained through false statements or fraudulent conduct." To state a claim under either of these two theories, a plaintiff must plead four "essential elements[:] . . . (1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." *United States ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1173–74 (9th Cir. 2006) (citations omitted).

Though the landlord colors this action as a garden variety landlord/tenant dispute that belongs in state court, it appears as if the landlord has been accepting federal dollars on a false premise, at least if the complaint is taken as true.

3

If the landlord here received Section 8 subsidies from the United States under false pretense that the landlord would pay utilities, then a claim for relief under the False Claims Act would be properly stated, at least according a recent decision in another federal district court, *United States ex rel. Richards v. R&T Invs. LLC*, 29 F. Supp. 3d 553 (W.D. Pa. 2014), which held that it was plausible that a landlord knowingly submitted false claims to the federal government for rental subsidy payments, in part by not reimbursing tenant for utility bills. That court found that it was incumbent on the plaintiff to prove defendant's liability under theories of recovery, but that dismissal was not warranted at that juncture.

Here, the landlord contends that it never entered into any such agreement to pay utilities as shown by a handwritten note on the lease agreement with the tenant, which stated that tenant would be responsible for utilities.

On the other hand, the tenant points out that there was supposed to have been an agreement signed by the landlord and the San Francisco Housing Authority requiring the landlord to pay utilities and stating that it controlled over any contrary terms in the lease. There is, in fact, an SFHA-landlord agreement to that effect — but it went unsigned. For now, we will presume that, as alleged, the actual SFHA-landlord agreement conformed to the normal requirements, subject to proof.

The Court, however, urges counsel to promptly take depositions of relevant witnesses at San Francisco Housing Authority and of landlord and tenant (and seek all relevant documents) in order to determine what the agreement was between landlord and SFHA back in 2010. If this testimony works out favorably for the landlord, then the landlord should bring a motion for summary judgment. If it further turns out that summary judgment eliminates the False Claims Act claim from this action, then the Court will likely decline supplementary jurisdiction over the state law claims. Counsel should proceed to do all of this in the next eight weeks.

Defendant landlord's motion to dismiss relator tenant's Federal False Claims Act claims is **DENIED**.

4

With respect to the state law claims, given the distinct possibility that these claims will be remitted to state court, this order declines to address them at this time. The same discovery will have to be taken anyway, so there is no need to delve into them now.

The motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 7, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5