IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES ex rel. KARLA ABEA,

    Relator,

  v.

DEBBIE ODIYE, GODWIN ODIYE and DOES 1 through 50, inclusive,

    Defendants.

No. C 18-06296 WHA

**ORDER GRANTING IN PART MOTION FOR LEAVE TO AMEND AND VACATING HEARING**

## INTRODUCTION

In this claim for relief, the plaintiff relator in Section 8 housing alleges that defendant landlords have violated the Federal False Claims Act and various state and local laws. Although a case management order deadline ordered that requests for leave to amend be made by June 28, 2019 — five months ago — plaintiff now requests for leave to amend the complaint. For the reasons stated below, this order holds that plaintiff's requests are **GRANTED IN PART** and **DENIED IN PART**. The hearing set for November 21, 2019, is **VACATED**.

## STATEMENT

Plaintiff relator rents a San Francisco residential unit from defendant, residing in the "upper unit" of a single-family home which has been converted into two units. The units share one electricity, gas, and water meter. Plaintiff's tenancy was subsidized through the Section 8 Housing Choice Voucher Program. The program is administered by the San Francisco Housing

Authority, which receives funding from the United Stated Department of Housing and Urban Development. In order to be eligible for Section 8 tenant-based housing assistance payments, landlords are required to enter into an agreement with SFHA entitled Housing Assistance Payment Contract, referred to as a HAP Contract. Under the HAP Contract, a housing subsidy is paid directly to the landlord on behalf of the participating family, based on SFHA's calculation of "reasonable rent." The family then pays the difference between the actual rent charged by the landlord and the government subsidy. 24 C.F.R. § 982.1(a). Defendant received payments from SFHA through this program by reason of plaintiff's Section 8 tenancy (First Amd. Compl. ¶¶ 8, 9, 16, 18–20).

Throughout plaintiff's tenancy, however, plaintiff and defendant have clashed. This conflict culminated in October 2018, when plaintiff brought the present action against defendant. Plaintiff asserts twelve claims against defendant, including violations of the False Claims Act, 31 U.S.C. § 3729 *et seq.*, and various other violations of state and local law.

In February 2019, defendant filed a motion to dismiss (Dkt. No. 15). In March, after full briefing on the motion to dismiss but before oral argument or ruling, plaintiff filed a first amended complaint. The undersigned denied the motion to dismiss as moot (Dkt. Nos. 21, 22, 24). Later that month, defendant filed a motion to dismiss several claims in the first amended complaint (Dkt. No. 29). The undersigned issued both an order denying the motion to dismiss and an order scheduling case management. The scheduling order provided that leave to amend pleadings must be sought by June 28, 2019, non-expert discovery must be completed by January 2020, and the trial date to be set for April 2020 (Dkt. Nos. 37, 40). The parties engaged in mediation in September.

Despite the deadline to amend having long since passed, plaintiff now moves to amend the pleadings. Plaintiff alleges that this delayed amendment is necessary to (1) amend existing False Claims Act claims to conform to allegedly new evidence, (2) allege a new claim based on new evidence, and (3) dismiss a claim barred by the statute of limitations. Defendant in turn makes a motion to strike and a motion for sanctions (Dkt. Nos. 50–52). For the reasons stated

below, this order holds that plaintiff's request to dismiss the claim barred by the statutes of limitations is **GRANTED**. All other requests are **DENIED**.

**ANALYSIS**

Leave to amend a complaint shall be freely given when justice so requires under FRCP 15(a). This standard is applied liberally. FRCP 15(a) does not apply, however, when a district court has established a deadline for amended pleadings under FRCP 16(b). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Once a scheduling order has been entered, the liberal policy favoring amendments no longer applies. Subsequent amendments are not allowed without a request to first modify the scheduling order. *Id.* at 608–09. At that point, FRCP 16(b)(4) provides that leave to amend following entry of such a case management order may be granted only upon a showing of "good cause" for the delay and with the judge's consent. This good cause standard "primarily considers the diligence of the party seeking the amendment." *Coleman v. Quaker Oats*, 232 F.3d 1271, 1294 (9th Cir. 2000).

As an initial matter, plaintiff failed to first request to modify the scheduling order. She merely moved to amend her complaint. Her motion makes no reference to the passed June deadline. Our court of appeals has generally declined to consider motions to amend the complaint as motions to amend the scheduling order. *Johnson*, 975 F.2d at 608–09. Even if this order were to treat plaintiff's motion as such, the result would not change. As will be shown below, plaintiff cannot meet the good cause standard under FRCP 16(b).

**1.    MOTION TO AMEND FACTS RELATING TO FALSE CLAIMS ACT ALLEGATIONS.**

Plaintiff first seeks leave to amend so as to square the complaint's description of the HAP Contract with new factual developments. Neither party possesses the subject HAP Contract, so its terms cannot be easily discerned. Instead, plaintiff describes the contents of the HAP Contract in the first amended complaint. As relevant here, it alleges: (1) defendant entered into a HAP Contract with the SFHA; (2) the HAP Contract was not signed; (3) defendant entered into an oral contract with the United States by which defendant understood she would need to comply with the terms of the HAP Contract; and (4) the HAP Contract provided that defendant would pay for utilities.

3

Plaintiff argues that two recent developments require this description be adjusted. *First*, in August 2019 defendant deposed an SFHA employee who explained that "the HAP Contract must have been *in writing and signed* by [d]efendant in order for any subsidy payments to be issued" (Hain Decl. ¶ 3, emphasis added). *Second*, SFHA produced the complete file on plaintiff's tenancy at the subject residence, and it revealed conflicting indications over who the HAP Contract listed as responsible for utility payments. Thus, plaintiff argues, "it is no longer appropriate for the complaint to allege that the HAP Contract was verbal" or that it "must have provided that defendant would pay all utilities" (Br. at 13). Plaintiff therefore seeks to amend the complaint to (1) allege the HAP Contract was written and (2) allege three possible theories of whom the HAP Contract listed as responsible for utilities, pleaded in the alternative.

To start, plaintiff cannot show good cause to amend the complaint to allege the HAP Contract was written. Plaintiff contends she has shown due diligence by seeking to amend soon after the deposition of the SFHA employee. Yet, given the importance of the HAP Contract in this matter, and of SFHA's role generally, plaintiff has given no excuse for delaying to depose an SFHA employee or otherwise discern the nature of HAP Contracts. Moreover, plaintiff bases the delayed amendment on circumstantial evidence, namely, the experiences of an SFHA employee, not the HAP Contract itself which is still apparently amiss. This is not enough to show good cause under FRCP 16(b).

Neither can plaintiff show good cause to amend to allege three alternative theories about who the HAP Contract listed as responsible for utility payments. Plaintiff was prompted to make this amendment after defendant, in August, gave plaintiff a hard copy of SFHA's file on plaintiff's tenancy at the subject residence. Plaintiff's attorney, however, received that file via email in May 2019, a full month before the June deadline. That plaintiff overlooked the email and thereafter failed to inquire about the file, despite its importance, is little excuse for a delayed amendment when the standard is diligence. Moreover, given that the parties do not possess the subject HAP Contract and so its contents cannot be definitively discerned, plaintiff should have plead in the alternative to begin with. Accordingly, plaintiff's motion to amend facts in the complaint relating to the HAP Contract is **DENIED**.

4

### 2. MOTION TO ADD NEW CLAIM OF TENANT HARASSMENT.

Plaintiff also moves to amend to add an additional claim of tenant harassment under S.F.A.C. § 37.10B. Plaintiff bases this claim on two alleged facts. *First*, defendant required plaintiff to pay $100 for a parking spot in violation of the False Claims Act and then unlawfully withdrew plaintiff's parking privileges when she could no longer pay. *Second*, defendant attempted to extract additional security deposit funds from plaintiff. In both instances, plaintiff says defendant acted in bad faith, a requisite for a tenant harassment claim under § 37.10B.

The events giving rise to these facts occurred before the June 2019 amendment deadline. Plaintiff, however, says she did not have evidence of defendant's bad faith in these matters until recently, and therefore could not state a claim for tenant harassment until now. That evidence consists of two letters written by defendant. In the first letter, dated April 2016 and "found" by plaintiff in September 2019, defendant states that plaintiff lost her parking privileges when she stopped paying the $100. Plaintiff has presumably been in possession of this letter since 2016. In the second letter, dated September 2019, defendant states that plaintiff never lost parking privileges and that defendant was not seeking additional security deposit funds.

Plaintiff contends the contradiction in the letters shows defendant has lied and acted in bad faith regarding the parking space and security deposit. Plaintiff also asserts she acted in due diligence bringing this claim now, as she did not find the April 2016 letter nor receive the September 2019 letter until recently, both of which were needed to specifically allege bad faith. This order disagrees. To repeat, the facts giving rise to the tenant harassment claim occurred long before the June amendment deadline. The original complaint from October 2018 even alleges these facts at length as the basis for a different claim. Similarly, defendant wrote and delivered the 2016 letter to plaintiff years ago. That plaintiff only just found it recently, when this lawsuit commenced a year ago and the June deadline passed five months ago, is not persuasive — it was plaintiff's burden to uncover at least the facts in her own possession at the outset of this litigation. Thus, the only "new" evidence plaintiff can point to is the 2019 letter.

Plaintiff insists the 2019 letter has "changed the facts of this case drastically" (Dkt. No. 52 at 2). Not so. The two letters undoubtedly contradict, but the 2019 letter does not alter the

5

underlying facts so significantly that the claim for tenant harassment could not have been brought before. It merely adds additional fluff to a near decade-long saga between defendant and plaintiff. Thus, plaintiff fails to show good cause for this amendment. Accordingly, plaintiff's motion to amend the complaint to add a claim of tenant harassment under S.F.A.C. § 37.10B is **DENIED**.

### 3. MOTION TO WITHDRAW CIVIL CODE § 1942.4 CLAIM.

Finally, plaintiff moves to amend to withdraw her Civil Code § 1942.4 claim, given it is barred by the statute of limitations. Defendant does not oppose. The motion is **GRANTED**.

### 4. MOTION TO STRIKE.

In the opposition brief, defendant states plaintiff's attorney included confidential settlement discussions in Exhibit M to her motion to amend. Defendant requests the Court either disregard or strike that evidence from the record. This order does not rely on the referenced information. Nevertheless, the motion to strike is **GRANTED**. Do not put settlement discussions in the court files.

### 5. MOTION FOR SANCTIONS.

Defendant also requests sanctions pursuant to FRCP 16(f) in her opposition. Under FRCP 16(f), sanctionable conduct includes "a party's failure to obey a scheduling or pretrial order . . . ." In addition to sanctions, a party or party's attorney may be subject to pay the reasonable expenses incurred because of any noncompliance, including attorney's fees, unless noncompliance is substantially justified. Sanctionable conduct requires "conduct amounting to recklessness, gross negligence, repeated — although unintentional — flouting of court rules, or willful misconduct." Imposition of monetary sanctions which "punishes mere negligence on the part of counsel is not necessary to the orderly functioning of the court system, especially in light of the availability of alternative remedies." *Zambrano v. City of Tustin*, 885 F. 2d 1473, 1480 (9th Cir. 1989).

Plaintiff's filing of the instant motion does not amount to recklessness, gross negligence, repeated flouting of court rules, or willful misconduct. Defendant's request for monetary sanctions pursuant to FRCP 16(f) is **DENIED**.

**CONCLUSION**

To the extent stated above, plaintiff's motion to amend to withdraw the Civil Code § 1942.4 claim only and defendant's motion to strike are **GRANTED**. All other motions are **DENIED**. The hearing set for November 21, 2019, is **VACATED**.

**IT IS SO ORDERED.**

Dated: November 15, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE